UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/25/18
```

---------------------------------------------------------

STRIKE 3 HOLDINGS, LLC,

                        Plaintiff,

              vs.

JOHN DOE subscriber assigned IP address
68.132.224.27,

                        Defendant.

---------------------------------------------------------

18cv5594 (LLS) (DF)

**ORDER**

**DEBRA FREEMAN, United States Magistrate Judge:**

      Currently before this Court, in this copyright-infringement case, is an *ex parte* motion by plaintiff Strike 3 Holdings, LLC ("Strike 3") for leave to serve a third-party subpoena on Internet Service Provider ("ISP") Verizon Online LLC ("Verizon")[1] prior to a Rule 26(f) conference, so as to obtain the actual name and address of the ISP subscriber currently identified only as a "John Doe" defendant in this case. (Dkt. 9.) This Court having reviewed Strike 3's motion papers, including the arguments made in its supporting memorandum of law (Dkt. 10), it is hereby ORDERED as follows:

      1.     For substantially the reasons stated by Strike 3 in its motion and in several decisions of this Court addressing the same type of issue raised in the motion, *see, e.g., Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 68.175.19.48*, No. 17cv7348 (GBD) (GWG) (Order) (S.D.N.Y. Oct. 23, 2017); *Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 142.255.44.180*, No. 17cv7344 (GHW) (Order) (S.D.N.Y. Oct. 6, 2017);

---

[1] In its motion, Plaintiff identifies the relevant ISP as "Verizon Fios" (Dkt. 9), but in its supporting memorandum of law, Plaintiff identifies the ISP as "Verizon Online LLC (Verizon Fios)" (Dkt. 10). This Court understands the relevant ISP in this case to be Verizon Online LLC, and therefore identifies that entity in this Order.

*Malibu Media, LLC v. John Doe subscriber assigned IP Address 173.68.5.86*, 2016 WL 2894919 (S.D.N.Y. May 16, 2016); *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239 (S.D.N.Y. 2012); *Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010), Strike 3's motion for leave to serve the subpoena is granted, subject to certain conditions, as set forth below.

2. Strike 3 may serve on Verizon a Rule 45 subpoena tailored to seeking only the name and address of the John Doe defendant (*i.e.*, the subscriber associated with the IP address 68.132.224.27 (the "Subscriber")), and no other information. The subpoena shall attach a copy of the Complaint in this action and a copy of this Order.

3. Within 21 days of service of the subpoena, Verizon shall either:

    a. file a motion to quash or modify the subpoena; or

    b. identify the Subscriber and deliver to the Subscriber a copy of the subpoena and attachments; or

    c. notify Strike 3's counsel that it has been unable to identify the Subscriber to a reasonable degree of technical certainty.

4. If, in accordance with paragraph 3(b), above, Verizon identifies the Subscriber and provides the Subscriber with a copy of the subpoena and attachments, then the Subscriber may have 21 days from the Subscriber's own receipt of those materials from Verizon to move to quash or modify the subpoena.

5. Verizon shall not produce the name and address of the Subscriber to Strike 3 until seven days after expiration of the time period set out in paragraph 4, above (and, if that period should be extended by the Court, then not until seven days after the expiration of any extended time period); further, if any motion to quash or modify the subpoena is made by the Subscriber,

then Verizon shall not produce such information to Strike 3 until seven days after the Court resolves that motion.

6.  Strike 3 may only use any information disclosed pursuant to the subpoena for the purpose of protecting and enforcing Strike 3's rights as set forth in the Complaint in this action. Absent leave of Court, such information shall not be disclosed to any person other than Strike 3 and its counsel.

7.  Absent further order of the Court, the Docket of this action shall not be modified to substitute the true name of the "John Doe" defendant, and Strike 3 (and Verizon) shall not publicly file any of defendant's identifying information. To the extent there may be a reason to file such identifying information with the Court, the public filing shall be made in redacted form, with an unredacted copy filed under seal.

8.  **The defendant Subscriber is hereby given the following notice:**

If, upon receiving a copy of this Order, you decide that you would prefer to proceed anonymously in this case, then, within 21 days of receipt of the Order, you – or, if represented, your lawyer – should provide a letter to this Court, stating that you would like to proceed anonymously in your case. The letter should contain the case number for this action (Case No. 18cv5594 (LLS) (DF)), but should identify you only by the IP address shown in the case caption, above. In other words, you should identify yourself only as "IP address 68.132.224.27." If you timely submit such a letter, then your identity and contact information will not be revealed to the public, unless and until the Court rules otherwise.

If you choose to proceed in this case *pro se* (meaning without a lawyer), then your letter should be mailed to the Court's *Pro Se* Office, at the following address:

3

*Pro Se* Office, S.D.N.Y.
United States Courthouse, Room 200
500 Pearl Street
New York, NY 10007

The telephone number for the *Pro Se* Office is (212) 805-0175.

      9.      In light of this Order, the Clerk of Court is directed to close Dkt. 9 on the Docket of this action.

Dated:  New York, New York
           September 25, 2018

                                                        SO ORDERED

                                            _/s/ Debra Freeman_
                                            DEBRA FREEMAN
                                            United States Magistrate Judge

Copy to:

Plaintiff's counsel (via ECF)